UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TIMOTHY CARTER a/k/a RUSSELL HARRIS,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTION OFFICER
"JOHN" CANTON, SHIELD NUMBER UNKNOWN,
AND SEVERAL UNIDENTIFIED CORRECTION
OFFICERS,

                               Defendants.

**ANSWER BY DEFENDANT CITY OF NEW YORK**

08 Civ. 4485 (WHP)

JURY TRIAL DEMANDED

------------------------------------------------------------------ x

      Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

      1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

      2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports proceed as stated therein.

      3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Correction Officer 'John' Canton" has not been served with a copy of the summons and complaint or requested representation from the Office of the Corporation Counsel.

5. Defendant states that the statement set forth in paragraph "5" of the complaint does not constitute an averment of fact to which a response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains a Department of Correction, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the City's functions.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

12. Defendant states that the allegations set forth in paragraph "12" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Defendant states that the allegations set forth in paragraph "15" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

16. Defendant states that the allegations set forth in paragraph "16" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was incarcerated at Rikers Island on January 31, 2007.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "21" inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "27" inclusive of this answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, including all subparts thereto.

36. Denies the allegations set forth in paragraph "36" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

37. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

38. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

8. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant or any New York City employee.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

9. Plaintiff may have failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

10. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

11. Plaintiff may have failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (a).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

12. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (e).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

16. Plaintiff's claims may be barred in part by the applicable period of limitations.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE:

17. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

18. At all times relevant to the incident, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

- 6 -

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        August 18, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant City of New York
                        100 Church Street, Room 3-217
                        New York, New York 10007
                        (212) 513-0462

                        By:    _____
                              Katherine E. Smith
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    Tracie A. Sundack, Esq.
        Attorney for Plaintiff
        19 Court Street, 3rd Floor
        White Plains, New York  10601
        (By ECF)

Index No. 08 Civ. 4485 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY CARTER,

                           Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" CANTON, SHIELD NUMBER UNKNOWN, AND SEVERAL UNIDENTIFIED CORRECTION OFFICERS,

                           Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street*
   *New York, N.Y. 10007*

*Of Counsel: Katherine E. Smith*
*Tel: (212) 513-0462*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................., 2006*

*.................................................................... Esq.*

*Attorney for................................................................*